IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Community Bank,<br><br>    Plaintiff,<br>v.<br><br>JOHN M. SAPHIR; PATRICK G. FANNING; STEPHEN L. FAYDASH; WILLIAM E. HETLER; THOMAS JELINEK; LORI A. MOSELEY; STEPHEN ANTHONY; JERRY C. BRUCER; JAMES K. CHAMPION; ANDREW B. NATHAN; and MARY C. MILLS,<br><br>    Defendants. | Case No. 10-cv-7009<br><br>JURY DEMANDED<br><br>Judge Rebecca Pallmeyer |

### DEFENDANT JOHN M. SAPHIR'S
### MOTION TO DISMISS THE FDIC'S COMPLAINT

Pursuant to Federal Rule of Civil Procedures 8 and 12(b)(6), defendant John M. Saphir respectfully moves to dismiss the FDIC's Complaint for failure to state a claim. The grounds supporting this motion are set forth below and in the accompanying memorandum.

  1.  The FDIC purports to allege claims for gross negligence (Counts I and IV), negligence (Counts II and V) and breach of fiduciary duty (Counts III and VI) against former directors and officers of Heritage Community Bank, including the former CEO and Chairman, John M. Saphir, who lost all of his shares of stock in Heritage upon its failure.

2. The fiduciary duty and negligence claims against the Director Defendants (Counts II and III), including Saphir, should be dismissed because they are barred by § 39 of the Illinois banking Act and Article X of the Heritage By-Laws.

3. The gross negligence claims in Counts I and IV should be dismissed because the allegations of the Complaint fail to support a plausible inference that the Director Defendants' conduct was an extreme departure form due care.

4. Neither the common law negligence (Counts II and V) nor breach of fiduciary duty claims (Counts III an VI) support a plausible inference of actionable conduct.

5. The negligence and breach of fiduciary duty claims are also duplicative and Counts II and V should be dismissed for that independent reason.

6. None of the FDIC's claims against Defendants is pled sufficiently to overcome the business judgment rule.

7. The FDIC assumed control over Heritage Community Bank and all of its books and records when it became Receiver upon the closing of Heritage on February 27, 2009. The FDIC conducted an eighteen-month-long administrative investigation, issuing subpoenas and taking depositions pursuant to a formal order of investigation. Nonetheless, the FDIC is unable to plead sufficient facts that set forth a plausible inference of liability against Defendant Saphir and others pursuant to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Accordingly, Defendant Saphir respectfully requests that the Complaint be dismissed with prejudice.

January 24, 2011               Respectfully submitted,

                               /s/ John M. George, Jr.

John M. George, Jr.
Nancy A. Temple
KATTEN & TEMPLE LLP
542 S. Dearborn St., Suite 1060
Chicago, Illinois 60605
312-663-0800
312-663-0900 (fax)

Counsel for Defendant John M. Saphir