**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Community Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 10-cv-7009 |
| v. | ) ) | Judge Pallmeyer |
| JOHN M. SAPHIR; PATRICK G. FANNING; STEPHEN L. FAYDASH; WILLIAM E. HETLER; THOMAS JELINEK; LORI A. MOSELEY; STEPHEN ANTHONY; JERRY C. BRUCER; JAMES K. CHAMPION; ANDREW B. NATHAN; and MARY B. MILLS, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |

**DEFENDANT MARY MILLS'S
MOTION TO DISMISS THE FDIC'S COMPLAINT**

NOW COMES, Defendant MARY B. MILLS, by and through her attorneys, McBrearty, Hart & Kelly, L.C. and moves pursuant to rule 12(b)(6) of the Federal Rule of Civil Procedure, to dismiss Plaintiffs' Complaint because it fails to state a claim upon which relief can be granted.  In support of her motion, Defendant states as follows:

1.     Plaintiff Federal Deposit Insurance Corporations's ("FDIC") Complaint purports to state a claim against Defendant Mills for: gross negligence in performing her duties as an outside director of Heritage Community Bank (the "Bank") pursuant to 12 U.S.C. §1821(k); negligence in performing her duty as an outside director of the Bank; and breach of her fiduciary duty owed to the Bank as an outside director.  (However,

the Complaint does not distinguish between inside and outside directors, nor the duties owed by the respective positions.)

2.      In deciding a motion to dismiss under Rule 12(b)(6), the Court should accept the well pled facts in the complaint.  *Northern Trust Company v. Peters*, 69 F.3d 123, 128 (7th Cir. 1995).  Those facts should be pled sufficiently enough "to raise a right to relief above the speculative level" and must "contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp v. Twombly*, 550 U.S. at 555-56 (2007).  *Twombly* requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 550 U.S. at 556.  "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations".  *Ashcroft v. IQBAL*, 129 S. Ct. 1937, 1950 (2009).

3.      The FDIC alleges that Mills (1) Failed to supervise management in the CRE Lending Program; (2) Voted to approve one or more of the CRE loans listed in ¶ 40 of the Complaint; (3) Failed to adequately increase loan loss reserves and Bank capital; and (4) Approved dividends and incentive compensation award payments that were unreasonable and in doing so was grossly negligent, negligent or breached her fiduciary duty.  *Complaint* at ¶¶47-67.

4.      However, the FDIC's Complaint against Mills fails to state a cognizable claim, because it fails to appropriately plead that Mills breached her alleged duty with sufficient clarity and not legal conclusions, the Complaint is vague and is unsupported by well-plead facts.

5.      Additionally, the FDIC's negligence and breach of fiduciary claims are

barred by the Illinois business judgment rule, which assumes that director and officers of a corporation make business decisions on an informed basis, in good faith, and with the honest belief that the course taken was in the best interest of the corporation. *Talton v. Unisource Network Services Inc.* No 00 C 7967, 2004 WL 2191605 (N.D. Ill. Sept. 27 2004); *Stamp v. Touche Ross & Co.*, 636 N.E.2d 616 (1st Dist. 1993).

6.     In the alternative, Mills's actions are protected by the Illinois Banking Act, 205 ILCS 5/39.

7.     Counts II and III are duplicative stating the same cause of action, therefore one should be dismissed;

8.     Defendant Mills's Memorandum in Support of Motion to Dismiss is filed contemporaneously herewith, is hereby incorporated by reference.

9.     Defendant Mills' also joins in and adopts by reference herein the Motions filed  pursuant to Federal Rule of Civil Procedure 12(b)(6), of Defendants John M. Saphir, Defendant James Champion and Defendant Stephen Anthony which move to dismiss Counts I through III of the Complaint due to failure to state a claim.

10.     Mills adopts and joins in the request for relief sought and the legal arguments provided in Defendants' motions and supporting memoranda in order to best serve justice and avoid unnecessary time and expense to this Court.

WHEREFORE, Defendant Mary B. Mills, by and through her attorneys McBrearty, Hart & Kelly, L.C. prays that this honorable Court grant this motion in favor of the Defendant and dismiss the Plaintiff's Complaint with prejudice and grant such other relief as this Court deems appropriate and just.

Respectfully Submitted,

**MCBREARTY, HART & KELLY, L.C.**

By:     /s/ Brian K. McBrearty

Brian K. McBrearty #6195239
222 S. Central Avenue, Suite 200
St. Louis, MO 63105
(314) 725-1227 phone
(314) 725-3006 fax
mcbrearty@mcbreartylaw.com
**Attorney for Defendant, Mary Mills**

## CERTIFICATE OF SERVICE

I, Brian K. McBrearty, an attorney, hereby certify that on January 24, 2011, service of the foregoing Motion to Dismiss was accomplished pursuant to ECF as to filing users in compliance with Fed. Rule Civ. P. 5(b)(2)(D).

/s/ Brian K. McBrearty