**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Community Bank, )))))  Plaintiff, )) ) v. ))) JOHN M. SAPHIR; PATRICK G. FANNING; STEPHEN L. FAYDASH; WILLIAM E. HETLER; THOMAS JELINEK; LORI A. MOSELEY; STEPHEN ANTHONY; JERRY C. BRUCER; JAMES K. CHAMPION; ANDREW B. NATHAN; and MARY B. MILLS, )))))))))) Defendants, )) | Case No. 10-cv-7009  Judge Pallmeyer |

**DEFENDANT MARY MILLS'
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FDIC'S COMPLAINT**

Defendant MARY B. MILLS, submits this Memorandum in Support of her Motion to Dismiss the Federal Deposit Insurance Corporation's ("FDIC") Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.[1] The Complaint fails to meet the pleading standard that is required under *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555-46 (2007). In addition, the alleged misconduct against Mills is protected by the Illinois' business judgment rule, and the Illinois Banking Act. For the foregoing reasons, this Court

---

[1]This Memorandum incorporates Defendant John M. Saphir, Defendant James Champion and Defendant Stephen Anthony Memoranda in their entirety.

should dismiss the Counts plead against Mills with prejudice.

## BACKGROUND FACTS

Mary Mills ("Mills") was an outside director of Heritage Community Bank (the "Bank"). Her father and family had conducted business with the Bank for a number of years. In 2002, Mills was elected to the Board of Directors, after her father had retired from the Board. Mills was not on the loan committee, nor an officer of the Bank.

The FDIC has alleged that Mills was negligent, or grossly negligent, in her duties as a director of the Bank. Inter Alia, of not foreseeing the worldwide collapse of real property values in 2007 and 2008, and locally in the Chicagoland area.

## ARGUMENT

### I. COUNTS II AND III ARE DUPLICATIVE AND THEREFORE SHOULD BE DISMISSED.

FDIC alleges in Counts II and III of its complaint that Defendant Mills was negligent and breached her fiduciary duty. The allegations in both Counts II and III allege the same conduct, the same duty of care. The actions the FDIC claims Defendant Mills should have done are the identical, "increased loan loss reserves and bank capital." *Complaint* at ¶¶ 59 & 66.

Further, the FDIC alleged Defendant Mills was negligent and breached her fiduciary duty by approving $11.075 million in dividends to the HCBI and in incentive awards. *Complaint* at ¶¶ 59 & 66. The conduct at issue is the same in both counts, the duty alleged is the same. *See Neade v. Fortes* 739 N.E. 2d 496, 500-02 (Ill 2000).

As Counts II and III allege the same duty, the same standard of care, the same damages, they are duplicative and should be dismissed.

## II. COUNTS II AND III ARE BARED BY THE ILLINOIS BANKING ACT

Counts II and III contain allegations of alleged negligence and breach of fiduciary duty. What they do not contain are allegations of self-dealing, allegations of bad faith or a breach of duty of loyalty by Defendant Mils. As Defendant Saphir has already noted in his Memorandum in support of his Motion to Dismiss, which Defendant Mills adopts and joins, absent these allegations, Defendant is not liable under The Illinois Banking Act 205 IlCS 5/39. Assuming the allegations as true, they do not rise to the level necessary to avoid the exculpatory clause of the Illinois Banking Act.

## III. COUNTS II AND III ARE BARRED BY THE BUSINESS JUDGMENT ACT

The alleged negligent claims of the FDIC of Counts II and III, cannot survive the defense Defendant Mills' afforded by the Business Judgment Rule.

Under this Rule, "this judgment of directors of corporations engage the benefit of a presumption that it was formed in good faith and was ....designed to promote the best interests of the corporation they serve". *Stamp v. Touche Ross & Company*, 63 N.E. 2d 616 (1sr Dist. 1973).

Additionally, under said rule, "unless the conduct of the defendants at least borders on one of the elements, fraud, illegality or conflict of interest, these Counts should be interfere". *Stamp* at 621. As there are no allegations that reflect fraud, illegality or self-dealing by Defendant Mills. The FDIC counts grounded in negligence and/or breach of fiduciary duty should be dismissed.

## IV. FDIC'S COUNT I FOR GROSS NEGLIGENCE AGAINST DEFENDANT MILLS FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Defendant Mills again adopts the able arguments of Defendant Saphir as to

Count I. In addition, Defendant Mills points out that Count I fails to state a claim for gross negligence specifically as to Defendant Mills. Defendant Mills would point out that the Complaint filed by the FDIC, while lengthy, completely fails to allege what action or omissions amounted to "gross negligence. " What allegations there are do not rise to the level of gross negligence.

Gross negligence is a curious term in Illinois law, apparently difficult to pin down. Apparently it's not garden variety negligence, but "very great negligence, but something less than willful and wanton and reckless conduct". *FDIC v. Gravee*, 966 F. Supp, 622 (N.D. Ill 1997).

The FDIC, in ¶50 of its Complaint states that Defendant Mills, and all other directors, were grossly negligent in "failing to supervise management in the design, implementation and operation of the CRE Lending Program to ensure that it meet appropriate standards. . ." without alleging specifically how Defendant was "greatly negligent" in doing so.

Said allegation is nothing but a legal conclusion in search of supporting facts and pursuant to *Twombly* and *IQBAL,* legally insufficient.

In addition, FDIC alleges Defendant Mills was grossly negligent (not just negligent) in approving "one or more" of the CRE loans....because they knew:

    a.    The Chicago area CRE market was already saturated, and a real estate "bubble head had been inflated". ¶¶49-51 of Complaint.

However, the Complaint is completely devoid of how Defendants, much less Defendant Mills has acquired the knowledge they impute to her, or how she should have known this "fact". It is a breath-taking backwards view, without any allegations to

support this "knowledge." As such, it is a bare conclusion.

Further, the Complaint, in paragraph 51(b), alleges "Heritage was <u>already over exposed</u> to CRE risk and had insufficient ALLL reserves to cushion against that risk".

This is another allegation of scienter on the part of Defendant Mills, devoid of any fact to impute this knowledge.

As Defendant Saphir has pointed out, this UPBR relied upon by the FDIC do not support such an allegation as to the CRE program. There are no facts which impute to Defendant Mills any knowledge that the CRE program "was already over-exposed".

As such, the allegations of Count I of the Complaint against Defendant Mills is legally and factually insufficient to state a claim for gross negligence.

## CONCLUSION

For the foregoing reason Defendant Mills respectfully requests this Court to dismiss the FDIC's Complaint with prejudice.

Respectfully Submitted,

**MCBREARTY, HART & KELLY, L.C.**

By: /s/ Brian K. McBrearty

Brian K. McBrearty #6195239
222 S. Central Avenue, Suite 200
St. Louis, MO 63105
(314) 725-1227 phone
(314) 725-3006 fax
mcbrearty@mcbreartylaw.com
**Attorney for Defendant, Mary Mills**

**CERTIFICATE OF SERVICE**

I, Brian K. McBrearty, an attorney, hereby certify that on January 24, 2011, service of the foregoing Memorandum in Support of Motion to Dismiss was accomplished pursuant to ECF as to filing users in compliance with Fed. Rule Civ. P. 5(b)(2)(D).

/s/ Brian K. McBrearty