**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Community Bank,** ) ) ) ) ) **Plaintiff,** ) v. ) ) **JOHN M. SAPHIR; PATRICK G. FANNING; STEPHEN L. FAYDASH; WILLIAM E. HETLER; THOMAS JELINEK; LORI A. MOSELEY; STEPHEN ANTHONY; JERRY C. BRUCER; JAMES K. CHAMPION; ANDREW B. NATHAN; and MARY C. MILLS,** ) ) ) ) ) ) ) ) **Defendants.** ) | Case No. 10-cv-7009 JURY DEMANDED Judge Rebecca Pallmeyer |

**DEFENDANT STEPHEN L. FAYDASH'S
MOTION TO DISMISS THE FDIC'S COMPLAINT**

NOW COMES, Defendant STEPHEN L. FAYDASH, by and through his attorneys, Gardiner Koch Weisberg & Wrona, and moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal for the following reasons:

1. Plaintiff Federal Deposit Insurance Corporation's ("FDIC") Complaint purports to state a claim against Defendant Faydash for: gross negligence in performing his duty as Chief Financial Officer ("CFO") of Heritage Community Bank (the "Bank") pursuant to 12 U.S.C §1821(k); negligence in performing his duty as CFO of the Bank; and breach of his fiduciary duty owed to the Bank as CFO.

2. The Federal Rules of Procedure provide that at the option of the pleader, a motion to dismiss may be made for failure to state a claim upon which relief can be

1

granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the Court should accept the well pled facts in the complaint. *See Northern Trust Co. v. Peters*, 69 F.3d 123, 128 (7th Cir. 1995). Those facts should be pled, however, sufficiently to state a plausible claim for relief as required by *Bell Atlantic*, 550 U.S. at 555-56, and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Twombly requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556.

3. The FDIC alleges that Faydash (1) Failed to ensure that the Bank's ALLL reserves were sufficient as reflected in the Bank's financial statements; (2) Failed to ensure that the Bank maintained a sufficient level of capital; (3) Failed to accurately advise the Board of Directors about the financial condition of the Bank; and (4) Recommended dividends and incentive compensation award payments that were unreasonable and in doing so was grossly negligent, negligent or breach his fiduciary duty. *Complaint* at ¶¶89-97.

4. However, the FDIC's Complaint against Faydash fails to state a claim, because: it fails to plead that Faydash breached his alleged duty; the Complaint is vague and is unsupported by well-plead facts; Plaintiff fails to plead that Faydash violated generally accepted accounting principals, which prevents this Court from forming an inference that Faydash is culpable; documentation cited in the Plaintiff's Complaint actually refutes the FDIC's allegations; and the Complaint does not support the conclusion that Faydash's alleged conduct was the proximate cause of the damages alleged.

5. Additionally, the FDIC's negligence and breach of fiduciary duty claims are barred by the Illinois business judgment rule, which assumes that directors and officers of a corporation make business decisions on an informed basis, in good faith, and with the honest belief that the course taken was in the best interest of the corporation. *Talton v. Unisource Network Services, Inc.* No 00 C 7967, 2004 WL 2191605 (N.D. Ill. Sept. 27, 2004).

6. In the alternative, Faydash's actions are protected by the Illinois Banking Act, 205 ILCS 5/39.

7. Defendant Faydash's Memorandum in Support Motion to Dismiss, filed concurrently herewith, is hereby incorporated by reference.

WHEREFORE, Defendant, STEPHEN L. FAYDASH, by and through his attorneys Gardiner Koch Weisberg & Wrona, prays that this honorable Court grant this motion in favor of the Defendant and dismiss the Plaintiff's Complaint with prejudice and grant Defendant such other relief as this Court deems appropriate and just.

Dated: January 24, 2011

                                            Respectfully submitted,

                                            /s/ Thomas G. Gardiner

                                            Thomas G. Gardiner
                                            Clinton J. Ind
                                            GARDINER KOCH WEISBERG & WRONA
                                            53 W. Jackson, Suite 950
                                            Chicago, Illinois 60604
                                            (312) 362-0000
                                            (312) 362-0440 (facsimile)

                                            Counsel for Defendant Stephen L. Faydash