# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Community Bank, | |
| Plaintiff, | Case No. 10-C 7009 |
| v. | Judge Rebecca Pallmeyer |
| JOHN M. SAPHIR; PATRICK G. FANNING; STEPHEN L. FAYDASH; WILLIAM E. HETLER; THOMAS JELINEK; LORI A. MOSELEY; STEPHEN ANTHONY; JERRY C. BRUCER; JAMES K. CHAMPION; ANDREW B. NATHAN; and MARY C. MILLS, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, documents and information may be sought from, or produced or exhibited by, Plaintiff Federal Deposit Insurance Corporation, as Receiver of Heritage Community Bank, that are confidential under FDIC Rules and Regulations (12 C.F.R. §§ 308 and 309), the Information Privacy Provisions of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801, *et seq.*), and the laws of the State of Illinois or other federal or state laws.

WHEREAS, documents and information may be sought from, or produced or exhibited by, Defendants that contains sensitive personal, financial, or professional information;

WHEREAS, this matter having come before the Court via stipulation of the Parties, and the Court having been fully advised,

The Court finds good cause exists for this Stipulated Protective Order.

IT IS HEREBY ORDERED as follows:

**A.** **Definitions**

1. "Document," whether used in the singular or plural, means any document or electronically-stored information as set forth in Fed. R. Civ. P. 26(a)(1)(A).

2. "Designating Party" means a party who produces information in discovery that is deemed "Confidential" pursuant to this Order.

3. "Confidential Information" means any information that is designated as such by a Designating Party, or, even if it is not so designated, information that meets the definition of "Confidential Bank Customer Information" below. Information may be designated "Confidential" only if the Designating Party has a good-faith basis for believing the information: (a) is confidential under federal or state law or regulations; or (b) contains sensitive personal, financial, or professional information that is generally unavailable to the public and that, if made available to the public, may be injurious to that party's personal, financial, or professional interests.

4. "Confidential Bank Customer Information" means information that contains non-public information regarding any customer of Heritage Community Bank, including, but not limited to, any customer's Social Security number, credit history, account or loan amounts or balances, account number or other personal financial information.

5. "Privilege" shall mean the attorney-client privilege, the attorney work-product doctrine, or any other legally-recognized privilege, doctrine, or protection that may apply to documents or information in this case.

**B.**     **Designation of Confidential Information by Parties and Non-Parties**

6. Confidential Information in documents or discovery responses shall be designated by marking the appropriate pages or sections thereof "CONFIDENTIAL," or by otherwise affixing to the thing produced a label with such description.

7. In the event that an original or a copy of a document is designated as "CONFIDENTIAL," as set out above, and one or more copies of the document or the original are also produced but not so designated, the copies shall also be treated as Confidential.

8. Information disclosed during a deposition may be designated, in whole or in part, "Confidential." The Designating Party's counsel may indicate on the record at the deposition that the deposition testimony is, in whole or in part, Confidential, or, within ten (10) days after receipt of a deposition transcript, notify opposing counsel in writing that the deposition transcript consists of or contains Confidential Information and may designate specific portions of such transcript as such. All depositions that contain Confidential Information shall be so designated by marking on their front covers by the court reporter(s).

9. The inadvertent failure by a party to designate information as Confidential shall not constitute a waiver of their right to so designate the information when the error is discovered. Such designation shall be effective when communicated in writing (including by email) to opposing counsel. The parties shall exercise reasonable efforts to make such communication promptly after learning of the inadvertent failure to designate information as Confidential. A party who inadvertently fails to designate shall also provide opposing counsel with substitute copies of the subject documents bearing the "Confidential" designation. Such materials shall be fully subject to this Stipulation and Order as if they had been initially so marked.

10. Any non-party producing documents in this litigation may avail itself of the confidential treatment provided for in this Protective Order for its documents, information or testimony by following the procedures provided herein.

**C.     Automatic Designation of Confidential Bank Customer Information**

11. This case will involve the production of an enormous number of documents that contain Confidential Bank Customer Information. In order to facilitate the prompt production of such documents and honor prevailing statutory obligations to protect Confidential Bank Customer Information, such documents will be treated as "Confidential Information" automatically, without the need for a party to stamp them as "CONFIDENTIAL."

**D.     Use of Confidential Information**

12. All Confidential Information produced or exchanged in the course of this litigation shall be treated as confidential and shall be used solely for the prosecution and defense of this litigation and for no other purpose. No Confidential Information shall be revealed, disclosed, or made available for inspection and copying to any person who is not permitted to see it pursuant to the terms of this Order without express written consent of the Designating Party.

13. Except as specifically provided for in this or subsequent Court orders, discovery materials designated "Confidential" or their contents shall not be revealed, disclosed, or otherwise made known to any persons, other than the following:

    (a)     Counsel of record in this action;

    (b)     Employees of such counsel and outside vendors who are necessary to assist such counsel in the preparation and trial of this action;

  (c)  Persons whom counsel of record for the parties believe are likely to be called to give testimony at deposition or at trial on matters relating to material designated "Confidential" or who are believed to possess information deemed necessary for the prosecution or defense of this litigation;

  (d)  Experts retained by such counsel;

  (e)  The parties in this action;

  (f)  The Court;

  (g)  Court reporters employed in connection with this litigation;

  (h)  Any person or entity to the extent required by operation of law, lawful subpoena, or court order;

  (i)  Insurance carriers for any Defendant; and

  (j)  Any other person with the consent, in writing, of all parties.

14.  Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant to and subject to the terms of this Order, and may not be disclosed other than pursuant to the terms thereof. Any such person shall execute an agreement to be fully bound by this order in the form of Exhibit A, attached hereto.

15.  Any party wishing to file any document containing Confidential Information, including a motion or supporting legal memorandum, shall move to file the document under seal in accordance with the Local Rules and this Court's Standing Order. If the document is not already stamped "CONFIDENTIAL," the filing party shall so stamp it. The parties agree to redact Confidential Information contained in any such materials filed in Court and will, if necessary, present un-redacted copies of the confidential materials to the assigned judge for *in*

*camera* review. All documents filed under seal shall not be released from confidential treatment by the Court except by further Court order.

16. Use of Confidential Information in any court proceeding in this litigation, including any appeal, shall not affect its status as Confidential. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts in any court proceedings, including trial.

17. Nothing in this Order prevents use or disclosure of Confidential Information beyond its terms if the Designating Party consents to such use or disclosure, or if the Court, after notice to all affected parties, orders such use or disclosure.

18. This Order does not in any way restrict a Designating Party's ability to use his or her own Confidential Information for any purpose.

E. **Disputing Confidentiality Designations**

19. If any party objects to any "Confidential" designation, s/he may, after making a good-faith effort to resolve such objection, move on reasonable notice for an order vacating the designation. While such application is pending, the information shall continue to be treated as Confidential pursuant to this Order. This paragraph is not intended to shift the burden of establishing confidentiality, which remains at all times on the Designating Party.

20. The parties shall not be obligated to challenge the propriety of a "Confidential" designation within any set period after receiving the designated information.

21. The procedure for interested non-party members of the public to challenge a confidentiality designation shall be as follows: At any time, any non-party, including any interested members of the public, may, in good faith, challenge the designation of Confidential

Information in writing to the Designating Party. Following receipt of such a written challenge, the parties shall have thirty (30) days, extendable by agreement of the disputants, to attempt to negotiate a resolution of the challenge after which time the person objecting to the designation may file a motion with this Court seeking a determination that the designation is inappropriate.

**F.     Demands by Others for Confidential Information**

22.     If any other person, organization or governmental entity demands by subpoena or other appropriate authority the production of any Confidential Information produced to it by another Party, the Party receiving such demand shall immediately notify the Designating Party of such demand. At its option, the Designating Party may elect to challenge the demand and assert any applicable protections, and shall notify the person, organization, or governmental entity of its challenge within such time as required by law or required by compliance with the demand. When such a challenge is made, the party who received the demand shall not produce any Confidential Information in the absence of consent by the Designating Party or an order by the issuing court or appropriate authority compelling production.

**G.     End of Litigation**

23.     Absent written permission from the Designating Party or on further order of the Court, this Order shall continue to be binding throughout and after the conclusion of this litigation, including any settlements, appeals, and subsequent proceedings in the District Court.

24.     After this case is closed in the District Court, the parties may obtain any documents they filed under seal pursuant to the terms of Local Rule 26.2(g). Within ninety (90) days after final adjudication of this case, including appeals or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the

Designating Party, each Party shall either: (a) assemble and return all Confidential Information, including all copies thereof, to the Party that produced it; or (b) certify in writing that all such information has been destroyed, provided, however, that any other party may seek to retain on a confidential basis any files or documents containing such material: (a) as long as necessary as may be required by statute, regulation, or rule; (b) as long as necessary in order to satisfy obligations to insurers and to make insurance recoveries; or (c) for as long as the party is still involved in other related insurance coverage disputes and reasonably believes that the files or documents may be relevant to that other coverage dispute. A party who seeks to retain documents pursuant to subparagraphs (a) - (c) hereunder shall promptly so advise the party requesting return or destruction of said documents of its intention. Any disputes concerning the applicability of this paragraph shall be resolved by this Court.

**H.** **Miscellaneous**

25. Agreeing to, producing, or receiving Confidential Information or otherwise complying with this Order shall not:

    (a) Prejudice the parties' rights to object to the production of documents they consider not subject to discovery.

    (b) Prejudice the parties' rights to object to the authenticity, relevance, or admissibility into evidence of any document, testimony, or other evidence;

    (c) Prevent the parties from agreeing to alter or waive any portion of this Order with respect to any particular piece of Confidential Information; or

    (d) Prevent any party from seeking from the Court a modification of this Order, including but not limited to additional protection with respect to the

confidentiality of any information.

26. The inadvertent production of any document or information protected or claimed to be protected by privilege shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege the producing party would otherwise be entitled to assert. A party shall have forty-five (45) days after one of its counsel in this case becomes actually aware that a privileged document has been inadvertently produced in which to request its return; otherwise, any claim of privilege or work product for the document shall be deemed presumptively waived. All requests to return a document shall be in writing and shall state the grounds for the claim of work product or privilege. A party's counsel shall be deemed to be actually aware that a privileged document was inadvertently produced at the time the party's counsel is served with an exhibit list for trial that specifically lists the privileged document. If a party timely requests return of privileged material, any party to whom such material was produced shall, within fourteen (14) days after the request, return said material. In the event a party wishes to challenge the designation of such material as Privileged Material, said party may file a motion with this Court to compel production of such material.

27. Federal Rule of Evidence 502 is hereby expressly incorporated into this Order.

28. In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Information until the newly-joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Order.

29. The Parties agree to be fully bound by this Order pending its entry by the Court, and any violation of this Order shall be subject to the same sanctions and penalties as if the

Order had been entered.

                                                                                       Entered:

Dated: <u>February 28, 2011</u>

                                                                                 The Honorable Rebecca R. Pallmeyer

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Community Bank,** ) ) ) ) ) | |
| ) | **Case No. 10-07009** |
| **Plaintiff,** ) | |
| v. ) | **Judge Rebecca Pallmeyer** |
| ) | |
| **JOHN M. SAPHIR; PATRICK G. FANNING; STEPHEN L. FAYDASH; WILLIAM E. HETLER; THOMAS JELINEK; LORI A. MOSELEY; STEPHEN ANTHONY; JERRY C. BRUCER; JAMES K. CHAMPION; ANDREW B. NATHAN; and MARY C. MILLS,** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

This undersigned represents that he/she, along with his or her support personnel, as applicable: (a) has received a copy of the Court's Protective Order ("Protective Order") in the above-captioned case; (b) has read the Protective Order and understands its provisions; (c) agrees to be bound by the terms of the Protective Order; and (d) agrees to be subject to the jurisdiction of the United States District Court for the Northern District of Illinois for the purposes of any proceedings related to the enforcement of the Protective Order.

Date: _____      _____
                                                                                Signature

**Exhibit A**