**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARRIE BROUGHTON-IRVING, BERNARD NEVEL, ETTA NEVEL, ERSKINE CARTWRIGHT, PATRICKMURPHY, CHARLES BARBER, BOB ANDERS, MARILYN ANDERS, and TERRY KICKERT, Each Individually and Derivatively on Behalf of HERITAGE COMMUNITY BANCORPORATION, INC., | ) | |
| | ) | Case No: 1:09-cv-07979 |
| Plaintiffs, | ) | |
| vs. | ) | The Honorable David H. Coar |
| | ) | |
| JOHN M. SAPHIR, IRA S. NATHAN, JERRY C. BRUCER, STEPHEN FAYDASH, PATRICK G. FANNING, and MARY MILLS, | ) | |
| Defendants, | ) | |
| and | ) | |
| HERITAGE COMMUNITY BANCORPORATION, INC., an Illinois corporation | ) | |
| Nominal Defendant, | ) | |
| FEDERAL DEPOSIT RESERVE INSURANCE CORPORATION, as Receiver of Heritage Community Bank, | ) | |
| Intervenor. | ) | |

**DEFENDANT STEPHEN FAYDASH'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Stephen Faydash ("Faydash") by and through his attorneys, Gardiner Koch Weisberg & Wrona, submits this Reply in Support of his Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof, states as follows:

Faydash's Motion to Dismiss cited two grounds for dismissal of the Amended Complaint: (1) insufficient service of process, and (2) failure to state a claim upon which relief can be

granted because Plaintiffs lack standing to assert the disguised derivative claims they raise. Plaintiffs' attempts to show that Faydash's counsel has been involved in this case and to recharacterize its claims at this stage in the litigation are insufficient to justify denial of Faydash's Motion to Dismiss.

## I. STEPHEN FAYDASH AND HIS COUNSEL HAVE NOT PARTICIPATED IN THIS LITIGATION AND DID NOT WAIVE SERVICE.

Plaintiffs do not dispute that Faydash was never served with process. (Pl. Resp. to Mot. to Dismiss 2-3.) Thus, the only question is whether service was waived by the mere filing of an appearance in this case. As stated in Faydash's Memorandum in Support of his Motion to Dismiss ("Faydash's Memorandum"), inclusion of this defense in his first motion to dismiss is the proper way to raise a defense of failure of service of process. *Schmude v. Sheahan*, 214 F.R.D. 487, 491 (N.D. Ill. 2003). Additionally, as stated in Faydash's Memorandum, waiver requires more than the mere filing of an appearance. *Trustees of Central Laborers' Welfare Fund*, 924 F.2d 731, 733 (7th Cir. 1991). Again, Plaintiffs do not dispute this in their Response. Plaintiffs cite *Trustees of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d 731 (7th Cir. 1991), in support of the proposition that the defense of insufficient service can be waived where defendant leads plaintiff to believe that service is adequate. (Pl. Resp. to Mot. to Dismiss 3.) However, in this case, Plaintiffs do not claim to have served Faydash, so Plaintiffs could not reasonably believe that service was adequate. Additionally, in the phone conference referenced in Plaintiffs' Response, (Pl. Resp. to Mot. to Dismiss 4), Faydash's counsel informed Plaintiffs' counsel that Faydash had not been served and that Faydash intended to raise failure of service of process as a defense. Even after such conference, Plaintiffs made no attempt to properly serve Faydash with process. Therefore, Plaintiffs cannot contend that they were led to believe that service was adequate.

Moreover, despite Plaintiffs attempts to imply otherwise, Faydash has not participated in this action. Plaintiffs cite *Shalash v. Mukasey*, 576 F. Supp. 2d 902 (N.D. Ill. 2008), in support of their claim that Faydash's "participation" in this action waives the defense of failure of service. However, the facts in *Shalash* bear no resemblance to the facts in this case. In *Shalash*, the defendant appeared in court and represented to the court that it would comply with the court's orders in the matter. *Id.* at 905. Almost one year after defendant made this representation to the court, and after several subsequent hearings during which the parties jointly represented to the court that they were working together to resolve their disputes, defendant first filed a motion alleging insufficient of service of process. *Id.* In contrast, here Faydash has not appeared at any hearings on this matter, either personally or by counsel. Additionally, Faydash has not represented to this court or to any party to this case that it would waive its defense of insufficient service of process. To the contrary, Faydash informed Plaintiffs' counsel that it would raise such defense in its Motion to Dismiss.

Plaintiffs further rely on *O'Brien v. Sage Group, Inc.*, 141 F.R.D. 81 (N.D. Ill. 1992), in support of their contention that Faydash waived service of process. (Pl. Resp. to Mot. to Dismiss 4.) However, this citation is similarly unpersuasive. In *O'Brien*, the defendant was defaulted and failed to raise the defense of insufficient service of process in its Rule 55(c) Motion to Set Aside Default. *O'Brien*, 141 F.R.D. at 83. The defendant's subsequent motion challenging service of process was denied because such defense was waived by failure to include it in the Rule 55(c) Motion. *Id.* Here, Faydash has not been defaulted. As stated in Faydash's Memorandum, Faydash has made no court appearances and has filed no pleadings or motions with this Court prior to the filing of the Motion to Dismiss. Because Faydash has done no more

than file an appearance in this action, he has not waived service of process. *Trustees of Central Laborers' Welfare Fund*, 924 F.2d at 733.

Because there has been no waiver and Faydash was not served within 120 days of the filing of the Complaint, and the Complaint should be dismissed with prejudice as to Stephen Faydash.

## II. PLAINTIFFS HAVE NO STANDING TO ASSERT DISQUISED DERIVATIVE AND SHAREHOLDER CLAIMS THAT BELONG TO THE FDIC.

Despite Plaintiffs' assertion that the 11th Circuit's decision in *Lubin v. Skow*, 2010 U.S. App. LEXIS 12140 (11th Cir. 2010) ("*Lubin II*"), changes the analysis of FDIC succession to shareholder derivative claims, in this case, the distinction between individual harm to Plaintiffs as shareholders of the holding company and harm to the bank is illusory and does not provide Plaintiffs with standing to pursue their claims against Faydash. It should be noted that FDIC has already identified *Lubin II* and filed it with this Court in further support of its Motion to Dismiss. (Docket #112, June 29, 2010.) In *Lubin II*, the Eleventh Circuit upholds the lower court ruling that under FIRREA, 12 U.S.C. § 1821(d)(2)(A), the FDIC succeeds to all shareholder derivative claims against officers and directors of banks placed into FDIC receivership. *Lubin II*, 2010 U.S. App. LEXIS at *6. *Lubin II* does state that if a plaintiff can show direct harm to a holding company by the bank's officers, such harm would be separate from a derivative claim. *Id.* at *9.

However, as stated in Faydash's Memorandum, despite Plaintiffs' attempts to characterize their claims as relating to Heritage Bancorp, Plaintiffs ultimately seek to recover for losses allegedly caused by Defendants' mismanagement of the bank. Nothing stated in *Lubin II* changes the nature of Plaintiffs' claims. Where the harm alleged stems from the management of the bank's assets by defendants, the "harm is inseparable from the harm done to the [b]ank." *Id.*

Plaintiffs' Response focuses on the Stewart transaction and Defendants' alleged misrepresentations regarding the financial condition of Heritage Bancorp. (Pl. Resp. to Mot. to Dismiss 5.) Plaintiffs allege that facts regarding the bank's lending practices were provided merely as "context." (Pl. Resp. to Mot. to Dismiss 5.) However, a substantial portion of Plaintiff's Amended Complaint is dedicated to providing such "context." This calls into question the true nature of Plaintiffs' claims. Plaintiffs' Amended Complaint states nothing more than disguised derivative claims related to the failure of the bank and the resulting diminution in value of Plaintiffs' stock. As the court held in *Lubin II*, the Plaintiffs here have only alleged derivative claims disguised as direct claims. 2010 U.S. App. LEXIS at *11.

As stated in Faydash's Memorandum, because of the failure of service and lack of standing, Faydash does not here detail the numerous pleadings deficiencies and additional grounds for dismissal of Plaintiff's Amended Complaint for failure to state a claim. Such arguments are expressly reserved pending the Court's ruling on the pending Motions to Dismiss.

For all the reasons discussed above, in Faydash's Memorandum and in the separate Motions and Memoranda filed by the FDIC and the other Defendants, Stephen Faydash respectfully requests that this Court grant his Motion to Dismiss with prejudice.

Dated: August 19, 2010

Respectfully submitted,

STEPHEN FAYDASH

By: /s/ Barry C. Owen
One of his attorneys

Thomas G. Gardiner
Barry C. Owen
Gardiner Koch Weisberg & Wrona
53 W. Jackson, Ste 950
Chicago, IL 60604

312-362-0000
312-362-0440 (fax)