**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Community Bank,** | ) ) ) ) |
| Plaintiff, | ) Case No. 10-cv-7009 ) |
| v. | ) JURY DEMANDED ) |
| **JOHN M. SAPHIR; PATRICK G. FANNING; STEPHEN L. FAYDASH; WILLIAM E. HETLER; THOMAS JELINEK; LORI A. MOSELEY; STEPHEN ANTHONY; JERRY C. BRUCER; JAMES K. CHAMPION; ANDREW B. NATHAN; and MARY C. MILLS,** | ) Judge Rebecca Pallmeyer ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT STEPHEN L. FAYDASH'S
<u>REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE FDIC'S COMPLAINT</u>**

NOW COMES Defendant, STEPHEN L. FAYDASH, by and through his attorneys, Gardiner Koch Weisberg & Wrona, and submits this reply in support of his Rule 12(b)(6) motion to dismiss the FDIC's Complaint. In support of his reply, Defendant Faydash states as follows:

**<u>INTRODUCTION</u>**

The FDIC, in its Memorandum in Opposition to Defendants' Motions to Dismiss, has still failed to demonstrate that its allegations rise to the level necessary to survive a motion to dismiss. The Complaint contains none of the factual information which would permit the court to reasonably draw the necessary conclusions in Plaintiff's favor. The

vague assertions and broad, conclusory allegations of wrongdoing contained within the Complaint are insufficient as a matter of law.

The substance of Plaintiff's Complaint relates to a handful of commercial real estate ("CRE") loans that were made by Heritage Community Bank ("Heritage" or the "Bank") in 2007 and 2008, some of which later resulted in losses to the Bank. Defendant Faydash played no role in the Bank's CRE program, however, and the allegations relating to his involvement in the Bank's finances simply fail to show any wrongful or inappropriate conduct on his part. Moreover, though the FDIC glosses over its inability to properly plead proximate causation, this failing is in fact fatal to its Complaint.

Finally, the case against Faydash should be dismissed because his conduct entitles him to certain legal protections. First, the facts alleged by the FDIC cannot overcome the presumption that Faydash is entitled to the protections afforded by the business judgment rule. Additionally, as the FDIC insists upon treating Faydash as if he was a decision-maker relative to the CRE program, he should be afforded the protections found in Article 39 of the Illinois Banking Act.

## **ARGUMENT**

### I. **THE FDIC HAS FAILED TO ALLEGE SUFFICIENT FACTS TO WITHSTAND A 12(B)(6) MOTION TO DISMISS.**

#### **A. The Proper Legal Standard Requires Plaintiff to Provide More Detailed Allegations**

The FDIC has done nothing more, in its Complaint and subsequent reply to Defendants' Motions to Dismiss, than to make vague assertions of unsupported facts, from which it draws sweeping conclusions of law. It argues that this is all that is

required of it, claiming that federal notice pleading standards give it leeway to rely upon such factually-deficient pleadings. In so arguing, Plaintiff purports to rely upon recent decisions by the United States Supreme Court and the Seventh Circuit. *See* Pl. Resp. at 6-7, citing, e.g., *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 3949 (2009); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Plaintiff claims that the pleadings standard for complex cases such as this one is so relaxed as to require only notice of the claim and some facts that would indicate that the claim is "plausible." Pl. Resp. at 6, quoting *Twombly*, 550 U.S. at 555. This, according to Plaintiff, can be accomplished simply by setting out "only enough facts to give a fair idea of 'what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.'" Pl. Resp. at 10-11, quoting *Swanson*, 614 F.3d at 405.

Plaintiff misconstrues the applicable case law, however. *Twombly* and *Iqbal*, and the line of cases stemming therefrom, including *Swanson*, do not permit a plaintiff to rest upon the sorts of vague, amorphous allegations as are contained in Plaintiff's Complaint, particularly in a case as complex as this one. Rather, the courts have explained that while "in many straightforward cases, it will not be any more difficult" for a plaintiff to meet its burden, in more complex cases (for example, those involving financial derivatives, tax fraud, or antitrust violations), *more detail will be required* to provide a defendant with fair notice of the claims and set out a plausible right to relief. *Swanson*, 614 F.3d at 405 (emphasis added). Moreover, "'abstract recitations of the elements of a cause of action or conclusory legal statements,' do nothing to distinguish the particular case that is before the court from every other hypothetically possible case

3

in that field of law. Such statements therefore do not add to the notice that Rule 8 demands. *Swanson*, 614 F.3d at 405, quoting *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009).

The level of detail necessary to withstand a motion to dismiss will depend upon the particular circumstances of each case. As the *Swanson* court explained, courts should consider several questions thoughtfully in determining whether an individual complaint has met the standard:

> [W]hat, exactly, does it take to give the opposing party 'fair notice'; how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim; and in what way is the pleader expected to signal the type of litigation that is being put before the court?

*Swanson*, 614 F.3d at 404. The Court "must analyze [the Complaint's] allegations defendant-by-defendant." *Id.* at 405. "Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S. Ct. at 1950; s*ee Twombly*, 550 U.S. at 557; *Brooks*, 578 F.3d at 581. "The Seventh Circuit applies a type of sliding scale approach to plausibility." *3525 N. Reta, Inc. v. FDIC*, 2011 U.S. Dist. LEXIS 1879, at *11 (N.D. Ill. Jan. 6, 2011). "The more complex and less straightforward the case and the more costly potential discovery, the more detail that will be required to satisfy the plausibility requirement." *Id.*

Here, the FDIC, as the Bank's receiver for the past two years (Compl. ¶6), has at its fingertips all of the records relating to the Bank's policies, practices, and transactions. Nonetheless, Plaintiff has utterly failed to include specific information that would set out a plausible claim to relief and provide Faydash with meaningful notice of the very serious charges against him. There is no specific factual information alleged that

supports Plaintiff's contention that Faydash "knew or should have known" in 2006 that the ALLL reserves were insufficient or that the Bank's lending was not supported by sufficient capital.  Of course, Plaintiff has the benefit of hindsight in making this blanket conclusion, but it must nonetheless plead facts that would plausibly lead to a conclusion that Faydash either knew or should have known at the time he prepared the Bank's financial reports.  It has failed to do so.

### B. Plaintiff Fails to Plead Sufficient Facts to Demonstrate that Faydash was Grossly Negligent.

At the heart of its Complaint, the FDIC alleges that Heritage engaged in risky CRE lending practices that ultimately led to its failure.  Heritage's CRE lending program may very well have been the cause of its demise, but Plaintiff has not pled sufficient facts to demonstrate that any action taken by the Defendants was inappropriate under the circumstances, or that Defendant Faydash played any role in the CRE program.  Moreover, Plaintiff has not pled sufficient facts that would permit the court to reach a conclusion that Faydash, in his role as the Bank's Chief Financial Officer, was negligent in the performance of his duties.

#### 1. *Faydash played no role in the CRE loan program.*

The FDIC rests its entire claim upon allegedly faulty CRE loans made by Heritage, and more specifically, ten loans made in 2007 and 2008 that have incurred losses of approximately $8.5 million.  According to the Complaint, these loans, and others like them, were made as a result of flawed risk analysis and review systems, as well as a decision to expand the CRE program too quickly.  The Complaint fails, however, to identify facts that would, if proven, establish that any Defendant breached any duty with respect to any of the loans at the time the loan decision was made.  More

5

significantly, there is absolutely no allegation that Defendant Faydash even participated in any decision at all with respect to these loans. The claims related to him are attenuated and abstract.

### 2. *The Complaint does not plead sufficient facts which, if proven, would establish that Faydash was negligent in the performance his duties.*

Plaintiff's Complaint purports to allege that Faydash negligently breached his duties to the Bank, but does not clearly set out what duties Faydash had, or how he was negligent in the performance thereof. Without clear factual allegations that would provide Faydash with notice of how, specifically, the FDIC contends that he breached his duties, the Complaint must be dismissed.

Plaintiff claims that Faydash was negligent or grossly negligent by: (1) failing to ensure that the Bank's ALLL reserves were sufficient; (2) failing to ensure that the Bank maintained sufficient capital to cushion against high-risk CRE loan losses; (3) improperly advising the Board to approve dividends to HCBI and incentive compensation awards to senior management at a time when he should have recommended that the Board increase ALLL reserves and the Bank's capital; and (4) improperly advising the Board that interest income on non-accrual loans "has only been deferred." Compl. ¶89, 93. Plaintiff does not actually allege that any of the claimed failings were within Faydash's duties, however, and attempts to gloss over the deficiencies of its Complaint by dismissing Faydash's objections as a "minor quibble". Nonetheless, the court should not be misled by this characterization of the problem; the FDIC has failed to adequately plead that Faydash had a duty to do the things it claims he did improperly.

6

Whether Faydash actually had any of the duties he is alleged to have breached is no "minor quibble", but rather, the crux of the case. As stated in the Complaint, Faydash's duties were to "prepar[e] the Bank's financial statements and tax returns; submit[] the Bank's Quarterly Call Reports and comply[] with the Bank's other regulatory reporting requirements; analyz[e] data used to prepare the Bank's financial statements, tax returns, and other reports to ensure the integrity of that data; and accurately present[] the Bank's financial condition to the Board of Directors." Compl. ¶89, 93, 95; see also, Compl. ¶9. Nowhere does the Complaint allege that it was Faydash's duty to increase ALLL reserves or capital, or to advise the Board regarding dividends and incentive payments.

Even assuming that Faydash did have the duty to increase ALLL reserves or capital and advise the Board regarding dividends and incentive payments, however, the FDIC has still failed to demonstrate that he acted improperly in any manner. His actions, as alleged in the Complaint, do not approach gross negligence, or even ordinary negligence.

Regarding the ALLL reserves and capital, the FDIC alleges that "[b]y the end of 2006, Heritage's CRE Lending Program was failing", and that in preparing the 2006 financial reports, Faydash should have recognized that the Bank had insufficient ALLL reserves and capital. Compl. ¶39. Plaintiff fails to identify any particular loan that was failing as of that date, however, or even any loan that was under-reserved, in support of its contentions that Faydash should have known to increase ALLL reserves and the capital cushion. Plaintiff cites to Heritage's 2006 Uniform Bank Performance Reports ("UBPRs") in support of its claims that "increasing numbers of Heritage's CRE loans

7

were distressed."[1] Compl. ¶39. When Defendants rightly pointed out in their respective Motions to Dismiss, however, that the UBPRs actually refuted the FDIC's allegations, Plaintiff attempted to argue that data regarding loans on nonaccrual status supports its contention that the entire CRE program was failing. Pl. Resp. at 13-14. This is not relevant to the present Motions to Dismiss, however, as the Complaint does not relate to nonaccrual loans. Moreover, Plaintiff fails to demonstrate how the nonaccrual loans would or should have indicated to Defendants that the Bank and its CRE program were doomed to fail if they did not reverse course.

Because Plaintiff has failed to demonstrate that there was any reason Faydash should have known to increase the ALLL reserves or the Bank's capital, it cannot demonstrate that Faydash was negligent in recommending dividends or incentive payments. The recommendations made by Faydash, even assuming that all of the information properly alleged in the Complaint is true, were inherently reasonable. Furthermore, while it was Faydash's duty to present the Board with accurate information about the financial state of the Bank, there is absolutely no allegation that the Faydash's statement regarding deferred interest income was not correct at the time that it was made. Absent such an allegation, supported by facts that would demonstrate the statement to have been untrue, Faydash cannot be found to have been negligent.

### C. PLAINTIFF'S BREACH OF FIDUCIARY DUTY AND NEGLIGENCE CLAIMS MUST FAIL

Plaintiff has failed to respond in any meaningful manner to Faydash's Motion to Dismiss as to the merits of the Negligence and Breach of Fiduciary Duty counts, except to argue that if the Defendants acted with gross negligence, then they also acted with

---

[1] This citation is notable because it is the only specific fact used by Plaintiff to support its assertions that Defendants should have known in 2006 that the Bank's CRE program was failing.

8

negligence and breached their fiduciary duties. As demonstrated above, and in Faydash's Motion, however, Plaintiff has not established facts giving rise to a plausible inference that Defendant Faydash was grossly negligent. The Complaint has also failed to plead sufficient facts to establish that Faydash acted with negligence or breached his fiduciary duties. Contrary to the assertions made by Plaintiff in its reply, these claims are defeated by the business judgment rule, as discussed below, and must be dismissed.

Plaintiff utterly ignores the arguments made by Faydash and others in their Motions to Dismiss that the negligence and fiduciary duty counts are duplicative of each other. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2006) (stating that a "negligence claim [is] nothing more than a reiteration of the fiduciary duty claim with a negligence label attached to it.") These counts would use the same facts to establish the same elements, seeking redress for the same alleged harm; dismissal of one of them is appropriate to prevent injustice. *See Beringer v. Standard Parking O'Hare Joint Venture*, 2008 U.S. Dist. LEXIS 91568, *12 (N.D. Ill. 2008) (citing *Majumdar v. Lurie*, 663 N.E.2d 914, 920-21 (Ill. App. 1st Dist. 1995)) ("Courts have the authority to dismiss duplicative claims if they allege the same facts and the same injury.").

### D. PLAINTIFF FAILS TO DEMONSTRATE THAT FAYDASH WAS THE PROXIMATE CAUSE OF THE BANK'S LOSSES

Plaintiff has failed to establish a plausible claim that Defendant Faydash proximately caused any of the Bank's losses. Despite Plaintiff's assertion that proximate cause is an issue of fact to be decided by the jury (Pl. Resp. at 21), courts routinely dismiss complaints for failure to sufficiently plead that the defendant's action

9

was the proximate cause of the harm. *See, e.g.*, *Bastian v. Petren Resources Corp.*, 892 F.2d 680 (7th Cir. 1990) (explaining that a plaintiff must allege and prove that, but for the defendant's wrongdoing, the harm would not have occurred). Plaintiff argues that an injury may have more than one proximate cause (Pl. Resp. at 22), and this is true, but Plaintiff has failed to plead sufficient facts which, if proven, would establish that Faydash was one of the proximate causes of the failure of Heritage Bank. Proximate cause is that cause, which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of, and without such cause the result would not have occurred. *Resolution Trust Corp. v. Franz*, 909 F. Supp. 1128, 1143 (7th Cir. 1995). Essentially, it is "but for" causation. *Id.* Here, the Board's votes on the decisions to issue dividends and incentive payments serve as an intervening cause that overrides any action taken by Faydash.

II. **PLAINTIFF'S CLAIMS MUST FAIL BECAUSE FAYDASH IS ENTITLED TO PROTECTION UNDER THE BUSINESS JUDGMENT RULE AND THE "DIRECTOR DEFENSES"**

    A. **PLAINTIFF HAS NOT ADEQUATELY PLEAD FACTS THAT WOULD OVERCOME THE BUSINESS JUDGMENT RULE**

Plaintiff misstates the standard by which the business judgment rule applies, and Defendant Faydash is entitled to its protections. The business judgment rule assumes that directors and officers of a corporation make business decisions on an informed basis, in good faith, and with the honest belief that the course taken was in the best interest of the corporation. *Talton v. Unisource Network Services, Inc.*, No 00 C 7967, 2004 U.S. Dist. LEXIS 19300 at *14 (N.D. Ill. Sept. 27, 2004), quoting *Ferris Elevator Co., Inc. v. Neffco, Inc.,* 674 N.E.2d 449, 552 (Ill. App. Ct. 1996). The rule provides that "neither the directors nor the officers of a corporation are liable for mere mistakes or

errors of judgment, either of law or fact." *Selcke v. Bove*, 629, N.E.2d 747, 750 (Ill. App. Ct. 1994). Absent "evidence of bad faith, fraud, illegality or gross overreaching, courts are not at liberty to interfere with the exercise of business judgment." *Fields v. Sax*, 462 N.E.2d 983, 988 (Ill. App. Ct. 1984).

Courts routinely dismiss complaints that fail to overcome the presumption that an officer or director is entitled to the protections afforded by the business judgment rule. *See*, *e.g.*, *Shaper v. Bryan,* 864 N.E.2d 876, 885 (Ill. App. 2007) (affirming dismissal of breach of fiduciary duty claims where complaint did not adequately allege self-interest); *Spillyards v. Abboud,* 662 N.E.2d 1358, 1370-71 (Ill. App. 1996) (affirming dismissal for legal insufficiency where shareholder did not allege conduct to overcome business judgment rule); *Miller v. Thomas,* 656 N.E.2d 89 (Ill. App. 1995) (same). Moreover, the FDIC's assertion that federal courts do not require a plaintiff to plead around the business judgment rule is simply false. *See*, *e.g.*, *FDIC v. Benson*, 867 F. Supp. 512, 521 (S.D. Tex. 1994) (stating that "the business judgment rule is a substantive rule of law that requires of the FDIC both pleading and proof to avoid its reach").

In this case, the FDIC has failed to plead any facts that would overcome the presumption that Defendant Faydash is entitled to the business judgment rule. It attempts, in its reply, to save its complaint by arguing that the mere allegations of gross negligence, as well purported allegations of "self-dealing" will prohibit the exercise of the business judgment rule as to the ordinary negligence and breach of fiduciary duty claims. These arguments must fail, however, because they are not supported by the allegations contained within the Complaint. Plaintiff has not properly alleged that Faydash was grossly negligent; it cannot therefore rest upon those allegations to

11

overcome the business judgment rule. Moreover, Plaintiff's argument that the Defendants acted out of self-interest in recommending dividends and incentive payments, and cannot be covered by the business judgment rule is simply incorrect as a matter of law.

To begin, Plaintiff argues that because the Defendants benefitted from the approval of dividends, they were inherently acting out of some sort of prohibited self-interest in recommending the dividends. Directors and officers of a corporation are obligated to act in the best interest of the corporation, but this does not mean that they can never make a decision that has some incidental benefit to themselves personally, so long as "the best interests of the corporation and its shareholders take precedence over any interest possessed by a director, officer or controlling shareholder *and not shared by the stockholders generally*." *Shaper v. Bryan*, 371 Ill.App.3d 1079, 1088 (1st Dist. 2007)(emphasis added); *see also Sherman v. Ryan*, 392 Ill.App.3d 712, 723 (1st Dist. 2009); *Rales v. Blasband*, 634 A.2d 927, 936 (1993). In this case, the benefit of the dividends was enjoyed by all of the shareholders generally, and not merely the directors and officers. They were not acting out of self-interest in approving the dividends, and they are entitled to the protections of the business judgment rule. Moreover, given the relatively small percentage of shares that Faydash owned, any benefit to him personally was negligible.

Plaintiff also attempts to argue that in recommending incentive payments for some of the Bank's directors and officers, Defendant Faydash was acting out of self-interest because he received incentive payments. First, and perhaps most importantly, there is no allegation contained within the Complaint that Faydash ever recommended

any of the incentive payments that he, himself, received.  Moreover, the mere receipt of compensation is insufficient to demonstrate that a director or officer is interested or made a decision in bad faith.  *Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*, No. 07-133, 2008 WL 696233 at 9 (E.D. La. March 13, 2008), aff'd 561 F.3d 377 (5th Cir. 2009).  The FDIC has failed to plead sufficient facts which would, if proven, establish that Faydash is not entitled to the protections of the business judgment rule for the negligence and breach of fiduciary duty claims against him.

### B. THE DIRECTOR DEFENSES ARE AVAILABLE AND WARRANT DISMISSAL OF THE NEGLIGENCE AND BREACH OF FIDUCIARY DUTY CLAIMS AGAINST FAYDASH

Plaintiff argues that none of the Defendants are entitled to the defenses afforded by the Illinois Banking Act, 205 ILCS § 5/39(b) (the "Director Defenses") because those defenses were not properly approved by the Bank's shareholders, and because the claims fall outside the scope of the Act's protections.  Plaintiff argues, moreover, that Defendant Faydash is not entitled because he is not a director.  Plaintiff's arguments must fail because they are simply unsupported by the allegations of the Complaint.

Plaintiff disingenuously claims that none of the Defendants are entitled to the Director Defenses because the Illinois Banking Act requires that the protections be approved by an affirmative vote of at least two-thirds of the shareholders.  Plaintiff argues that because the Defendants have not pointed to any such vote, the provision in the Bank's by-laws providing for the Director Defenses was never properly enacted.  As pointed out in the briefs of other defendants, however, Heritage Community Bank has just one shareholder—Heritage Community Bancorporation, Inc.  An approval of the

13

Director Defenses by that one shareholder, as evidenced by their inclusion in the by-laws, effectively enacts the protections.

The FDIC also argues that the claims alleged against each of the Defendants fall outside the scope of the protections afforded by the Director Defenses. The Illinois Banking Act contains certain exceptions, and Plaintiff claims that the exceptions for gross negligence, breach of they duty of loyalty, and transactions from which the director derives an improper personal benefit apply in this case. For the reasons explained above, however, they do not. Plaintiff has failed to properly allege that any defendant was grossly negligent. Moreover, the approval of dividends and incentive payments has not been properly alleged to have violated any duty of loyalty, nor has it been shown to have provided any Defendant with an improper personal benefit.

Finally, Plaintiff argues that Defendant Faydash is not entitled to the Director Defenses because he was not a director. Nonetheless, Plaintiff has filed a lawsuit naming Faydash in which it attempts to treat Faydash as if he were a director. The claims against Faydash rest upon the assumption that he had the duty or authority to make directorial decisions about the Bank's business dealings. If Plaintiff can successfully heighten Faydash's responsibility in this way, then Faydash is entitled to the same protections that actual directors would enjoy.

## **CONCLUSION**

For the foregoing reason Defendant Faydash respectfully requests this Court to dismiss the FDIC's Complaint with prejudice.

                                                Respectfully submitted,

                                                STEPHEN L. FAYDASH

By: /s/ Thomas G. Gardiner
One of His Attorneys

Thomas G. Gardiner
Jennifer Airato
Kathryn Perry Hopkins
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson, Suite 950
Chicago, Illinois 60604
(312) 362-0000

15